UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY DAVIS,

        Plaintiff,                 Case No.:

v.

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, HARVEY DAVIS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues the Defendant, NCO FINANCIAL SYSTEMS, INC. (hereinafter referred to as "Defendant"), for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, Harvey Davis, is a natural person who resides in the Sarasota County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

5. Defendant, NCO Financial Systems, Inc., is a foreign profit corporation operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

## FACTUAL ALLEGATIONS

6. Beginning on or around June of 2012, Plaintiff began receiving numerous phone calls from numbers belonging to the Defendant.

7. Plaintiff estimates that he received, on average, at least one phone call from Defendant *per day*, and on many days received more than one phone call.

8. Plaintiff did not answer calls placed from Defendant's number. As a result, Defendant left approximately one voicemail message for Plaintiff *per day*. Defendant, in its voicemails, failed to make any of the disclosures required by 15 U.S.C. 1692g(a).

9. All such calls were placed to Plaintiff's business telephone number, which was clearly indicated by Plaintiff's outgoing answering machine message. Accordingly, all messages left by Defendant during business hours were overheard by all persons present at the time.

10. Defendant knew or had reason to know that other persons besides the Plaintiff might hear its messages. Defendant left such messages without authority from Plaintiff to communicate with third parties regarding the debt in question.

11. Defendant failed to provide Plaintiff with any information via written notice within the five days following the above-mentioned phone calls as required by 15 U.S.C. 1692g(a).

12. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*

13. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the Florida Consumer Collection Practices Act, Florida Statute § 559.55, *et seq.*

14. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692d(5)

15. Plaintiff incorporates by reference paragraphs 1 through 14 above as though fully stated herein.

16. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

17. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff, cause Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass the Plaintiff in direct violation of 15 U.S.C. § 1692d(5).

18. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(a)

19. Plaintiff incorporates by reference paragraphs 1 through 14 above as though fully stated herein.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

21. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff, make an

initial communication with Plaintiff without providing Plaintiff with any of the information required by 15 U.S.C. 1692g(a).

22. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff, fail to provide Plaintiff with written notice containing the information required by 15 U.S.C. 1692g(a) within five (5) days of its initial communication with Plaintiff.

23. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(b)

24. Plaintiff incorporates by reference paragraphs 1 through 14 above as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

26. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff, leave voice messages on Plaintiff's answering machine in an attempt to collect a debt in violation of 15 U.S.C. 1692c(b). See *Berg v. Merchants Association Collection Division, Inc.*, 586 F. Supp. 2d 1336 (S.D. Fla. 2008).

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT IV
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Florida Statute § 559.72(7)

28. Plaintiff incorporates by reference paragraphs 1 through 14 above as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FCCPA with respect to Plaintiff.

30. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff, communicate with Plaintiff with such frequency as can be reasonably expected to harass the Plaintiff in direct violation of Florida Statute § 559.72(7).

31. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77(2), from Defendant.

32. Additionally, Florida Statute § 559.77(2) provides that a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

### TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA and FCCPA violations in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Dated: January 17, 2013

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd
Fort Myers, Florida 33919
Phone: (239) 939-0900
Fax: (239) 939-0588

**/s/ Joseph C. LoTempio**
JOSEPH C. LOTEMPIO, ESQ.
Florida Bar Number: 0086097
jlotempio@DellutriLawGroup.com

Secondary e-mails (electronic service only):
Fla.ECF.DellutriLawGroup@gmail.com
awinfield@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _____   )
                         ) ss
COUNTY OF _____  )

Plaintiff, HARVEY DAVIS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
HARVEY DAVIS

Subscribed and sworn to before me this \_\_13th\_\_ day of \_\_January\_\_ 20\_14\_ by HARVEY DAVIS who:

☐ is personally known; or
☒ produced identification  FL ID# D120-320-48-144-0.

_____
Amanda E Clyatt
Notary Public

(SEAL)

AMANDA E. CLYATT
Notary Public - State of Florida
My Comm. Expires Nov 12, 2016
Commission # EE 220945
Bonded Through National Notary Assn.

7