**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HARVEY DAVIS,

            Plaintiff,

Case No.: 8:14-CV-00198-SCB-TGW

v.

NCO FINANCIAL SYSTEMS, INC.,

            Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, HARVEY DAVIS, by and through undersigned counsel, and files this Response to Defendant NCO FINANCIAL SYSTEM, INC.'s Motion for Judgment on the Pleadings or, Alternatively, Motion for Summary Judgment (the "Motion"), and in support thereof states:

**LEGAL ARGUMENT**

To prevail on either a motion for judgment on the pleadings or a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that they are entitled to relief as a matter of law.  In the case at bar, Defendant's main argument is that Plaintiff is precluded from bringing the instant action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") as well as the Florida Consumer Collection Practices Act ("FCCPA"), due to Plaintiff currently being involved in a Chapter 13 bankruptcy.  Defendant asserts that Plaintiff's sole remedy for Defendant's illegal actions lies under the Bankruptcy Code.

In its Motion, Defendant's only argument is that Plaintiff is precluded from maintaining the instant action solely because of Plaintiff's pending Chapter 13 bankruptcy case.  To come to such a conclusion, this Court would have to hold that the Bankruptcy Code somehow preempts or repeals

-1-

the FDCPA and the FCCPA. Defendant finds most of i support in the case of *Necci v. Universal Fidelity Corp*, 297 B.R. 376 (E.D.N.Y. 2003). However, this case is at odds with the recent Eleventh Circuit decision in *Crawford v. LVNV Funding, LLC*, -- F.3d --, 2014 WL 3361226 (11th Cir. 2014). In *Crawford*, the court took up the issue of whether the filing of a proof of claim based on a debt that was barred by a statute of limitations could be grounds for a violation of the FDCPA. In making its ruling, the court specifically rejected an argument by LVNV Funding that the "FDCPA would be at odds with the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362(a)(6)." *Id*. at 4. While the court specifically declined to pass judgment on the issue of preemption, *Id* at n. 7, a strong inference can be made from the court's decision that the Bankruptcy Code does not preempt the FDCPA or the FCCPA. If the Bankruptcy Code controls all acts taken within a bankruptcy proceeding, then there could be no violation of the FDCPA in *Crawford*.

While the *Crawford* court declined to decide whether the FDCPA was preempted by the Bankruptcy Code, the Seventh Circuit did take up that very issue in *Randolph v. IMBS, Inc.*, 368 F. 3d 726 (7th Cir. 2004). In answering the question of preemption, the Seventh Circuit specifically stated, "[o]ne federal statute does not preempt the other. When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other – and repeal by implication is a rare bird indeed. […] It takes either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." *Id* at 730. The court then goes on to compare the difference between 11 U.S.C. § 362 and the FDCPA, concluding that:

> It is not sound to call § 362 of the Code 'comprehensive'; the FDCPA comes closer to that mark. It would be better to recognize that the statutes overlap, each with coverage that the other lacks – the Code covers all persons, not just debt collectors, and all activities in bankruptcy; the FDCPA covers all activities by debt collectors, not just those affecting debtors in bankruptcy. Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both.

*Id* at 731.  Combining the Seventh Circuit's reasoning in *Randolph* with the Eleventh Circuit's ruling in *Crawford*, it is clear that there is no reason not to allow Plaintiff's FDCPA and FCCPA claims to proceed simply because he happens to be a bankruptcy debtor.  Ruling differently would create a loop-hole in the law that would allow debt collectors to violate the FDCPA while simultaneously escaping the liability imposed by the Bankruptcy Code.

WHEREFORE Plaintiff, HARVEY DAVIS, respectfully requests the Court:

a. Enter an order denying Defendant's Motion for Judgment on the Pleadings;

b. Enter an order denying Defendant's Motion for Summary Judgment; and

c. Grant such other and further relief as this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2014, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system and the following parties received electronic notification through the CM/ECF system:

Dayle M. Van Hoose, Esq.
dvanhoose@sessions-law.biz
Sessions, Fishman, Nathan & Israel, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
(813) 890-2463
(866) 466-3140
*Counsel for NCO Financial Systems, Inc.*

Rachel A. Morris, Esq.
dvanhoose@sessions-law.biz
Sessions, Fishman, Nathan & Israel, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
(813) 890-2463
(866) 466-3140
*Counsel for NCO Financial Systems, Inc.*

|  |  |
|---|---|
|  | *Respectfully submitted,* |
| Dated: <u>August 14, 2014</u> | **THE DELLUTRI LAW GROUP, P.A.**<br>The Dellutri Law Group Plaza<br>1436 Royal Palm Square Blvd.<br>Fort Myers, FL  33919<br>(239) 939-0900<br>(239) 939-0588 – Fax<br>www.DellutriLawGroup.com<br>*Attorneys for Plaintiff*<br><br>By:  /s/ Joseph C. LoTempio<br>      Joseph C. LoTempio, Esq.<br>      Fla. Bar No. 0086097<br>      jlotempio@dellutrilawgroup.com |