UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY DAVIS,

    Plaintiff,

vs.

                                                        Case No.: 8:14-cv-198-T-24TGW

NCO FINANCIAL SYSTEMS, INC,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant NCO Financial Systems, Inc.'s ("NCO") Motion for Judgment on the Pleadings or Alternatively Motion for Summary Judgment, to which Plaintiff Harvey Davis has filed a response in opposition. (Dkts. 32, 36). With the Court's permission, NCO also filed a reply. (Dkt. 40). For the reasons stated herein, the motion is **DENIED.**

    **I.    BACKGROUND[1]**

NCO is a debt collection company, and in June 2012, NCO began making numerous phone calls to Plaintiff's business telephone number. Plaintiff did not answer NCO's calls, and NCO left approximately one voice mail message per day. Plaintiff asserts that these phone calls and voice

---

[1] A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir.1998). Furthermore, as explained below, the Court may take judicial notice of bankruptcy court filings. Accordingly, the facts outlined are derived from the complaint and Plaintiff's bankruptcy court filings.

messages violated the Fair Debt Collection Practices Act ("FDCPA") and/or the Florida Consumer Collections Practices Act ("FCCPA") in the following ways: 1) NCO communicated with third-parties regarding Plaintiff's debt by leaving voicemail messages when it knew other persons would overhear messages left at Plaintiff's business telephone number; 2) NCO failed to provide written information regarding Plaintiff's debt within five days of its first communication with Plaintiff; and 3) NCO's communications were made with the intent to annoy, abuse, or harass Plaintiff. On January 27, 2014, Plaintiff initiated this litigation. (Dkt. 1).

Prior to NCO's allegedly unlawful communications, Plaintiff filed for Chapter 13 bankruptcy on July 30, 2010.[2] (Br. Dkts. 1, 30). NCO is listed as a creditor in Plaintiff's bankruptcy petition and schedules. (Br. Dkt. 1 at 49). Schedule B of Plaintiff's bankruptcy petition directs him to list "equitable or future interests" and "[o]ther contingent and unliquidated claims of every nature." (Br. Dkt. 1 at 9-10). At the time of filing his bankruptcy petition, Plaintiff presumably did not know of his potential debt collection claims against NCO. Plaintiff did not disclose his debt collection claims against NCO until after NCO filed a motion to dismiss in this Court, which motion asked this Court to judicially estop Plaintiff from pursuing his claims on the basis that the debt collection claims were not disclosed to the bankruptcy court. (Dkt. 10). The Court denied the motion to dismiss. (Dkt. 17). On March 6, 2014, Plaintiff filed a motion with the bankruptcy court asking permission to employ Plaintiff's current attorneys in this case, which the bankruptcy court approved on March 23, 2014. (Br. Dkts. 56, 58). On April 7, 2014, Plaintiff

---

[2] The bankruptcy petition was filed in the Middle District of Florida. The case number in the bankruptcy litigation is 8:10-bk-18353-MGW. The Court will refer to the bankruptcy docket as (Bk. Dkt. __). Though the Court recognizes that Plaintiff and his wife jointly filed for bankruptcy, the Court refers only to Plaintiff in this order as his wife is not a party to this litigation.

filed an amended schedule of assets with the bankruptcy court that disclosed the claims brought in this litigation. (Br. Dkt. 62 at 9).

On June 4, 2014, Plaintiff filed an adversary proceeding in the bankruptcy court against NCO, which asserts that NCO's debt collection activities violated the automatic stay[3] provided in 11 U.S.C. § 362. (Ap. 1).[4] The alleged debt collection practices that Plaintiff asserts violated the automatic stay are identical to the debt collection practices that comprise Plaintiff's FDCPA and FCCPA claims in this case. (Ap. 1; Dkt. 1). Thus, Plaintiff has two proceedings, one in this Court and one in the bankruptcy court, based on the same alleged conduct of NCO, but arguing that such conduct violates different statutes. Plaintiff seeks damages against NCO in both cases. (Dkt. 1 at 6, Ap. Dkt. 1 at 6-7). In this case, Plaintiff demands a trial by jury. (Dkt. 1 at 5).

## II.   STANDARD OF REVIEW[5]

A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998). As

---

[3] The automatic stay provides that a petition filed in bankruptcy "operates as a stay, applicable to all entities" of a number of actions including, but not limited to, the commencement or continuation of a judicial or other action or proceeding against the debtor that was or could have been commenced before the bankruptcy, and any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy. 11 U.S.C. § 362(a).

[4] Plaintiff filed an adversary proceeding in the bankruptcy court of the Middle District of Florida. The case number in the adversary proceeding is 8:14-ap-488. The Court will refer to the docket in the adversary case as (Ap. Dkt. __).

[5] NCO moves for judgment on the pleadings, or alternatively, for summary judgment. Because the Court finds that NCO is not entitled to judgment on the pleadings, the Court need not address NCO's request for summary judgment on the same.

with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (internal citation omitted).

The Court's review at the motion to dismiss stage is generally limited to the four corners of the complaint, *Cline v. Tolliver*, 434 F. App'x 823, 824 (11th Cir. 2011); however, "the Court may take judicial notice of documents filed in other judicial proceedings, because they are public documents, without converting the motion to dismiss filed herein to a motion for summary judgment." *Martin K. Eby Const. Co., Inc. v. Jacobs Civil, Inc.*, 3:05-CV-394-J-32TEM, 2006 WL 1881359, at *1 (M.D. Fla. July 6, 2006). Specifically relevant to this proceeding, a court may take judicial notice of bankruptcy court proceedings. *Bobadilla v. Aurora Loan Servs., LLC*, 478 F. App'x 625, 627 (11th Cir. 2012).

### III. DISCUSSION

The FDCPA provides a civil cause of action against a debt collector that fails to comply with its requirements. *Edwards v. Niagra Credit Solutions, Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009) (citing 15 U.S.C. § 1692k(a)). It imposes prohibitions on, *inter alia*, false, deceptive, or unfair debt collection practices. *Crawford v. LVNV Funding, LLC*, --- F.3d ---- (11th Cir. July 10, 2014), 2014 WL 3361226, at *1. Relevant to this case, the FDCPA prohibits communication with third-parties regarding another person's debt. 15 U.S.C. § 1692c(b). It requires that the debt collector provide written information to the debtor regarding the debt within five days of the first communication with the debtor. 15 U.S.C. § 1692g(a). Finally, a debt collector may not engage in any conduct which is to harass, oppress, or abuse any person in connection with the collection of a debt, including causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

Plaintiff's debt collection claims in this case are based on the same conduct alleged to have violated the automatic stay as asserted in the adversary proceeding against NCO. NCO contends that by filing an adversary proceeding in the bankruptcy court, Plaintiff has elected to proceed under the Bankruptcy Code and is precluded from simultaneously proceeding against NCO in this case. There is a split in circuit court authority on this issue.

The Seventh Circuit addressed the issue of whether the Bankruptcy Code preempts a plaintiff's FDCPA claims in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). The *Randolph* court found no irreconcilable conflict between the remedies available under 11 U.S.C. § 362(a) (violation of the automatic stay) and FDCPA claims under 15 U.S.C. §§ 1692c(a)(2) and 1692e(2)(A) based on debt collection letters violating the automatic stay. *Id.* at 730. Instead, the court found that "[i]t is easy to enforce both statutes, and any debt collector can comply with both simultaneously." *Id.* In reaching its conclusion, the *Randolph* court compared 11 U.S.C. § 362(a) of the Bankruptcy Code and the FDCPA at length and found the following:

> It would be better to recognize that the statutes overlap, each with coverage that the other lacks—the Code covers all persons, not just debt collectors, and all activities in bankruptcy; the FDCPA covers all activities by debt collectors, not just those affecting debtors in bankruptcy. Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both.

*Id.* at 731. Thus, the *Randolph* court held that the plaintiff could bring an FDCPA claim based on activities that also allegedly violated the automatic stay.

The Third Circuit also agreed with the Seventh Circuit, finding that when FDCPA claims arise from communications a debt collector sends a debtor in a pending bankruptcy proceeding, and the communications are alleged to violate the Bankruptcy Code or Rules, "there is no categorical preclusion of the FDCPA claims." *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 274

(3d Cir. 2013). In doing so, however, the *Simon* court noted that there is a split among the circuits on the issue. *See id.* at 271, 271 n. 7.

At least one Court in the Middle District of Florida agreed with the Seventh Circuit's interpretation of the issue noting that "one federal statute does not preempt another." *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1336 (M.D. Fla. 2010) (quoting *Randolph*, 368 F.3d at 730). The *Bacelli* court relied upon and concurred with *Randolph's* analysis of the Code and its relationship with the FDCPA. *Id.*

The Ninth Circuit, on the other hand, has taken a broad approach and holds that a debt collector's communications to a consumer debtor in bankruptcy cannot form the basis for an FDCPA claim. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). In *Walls*, the debtor alleged that the creditor violated the discharge injunction set forth in 11 U.S.C. § 524 and the FDCPA by attempting to collect a debt that had been discharged in bankruptcy. The *Walls* court held that the debtor could not pursue a claim for violation of the discharge injunction and for violation of the FDCPA because the Bankruptcy Code precludes a simultaneous claim under the FDCPA. *Id.* at 510. However, in *Walls*, the FDCPA claim was based strictly on the creditor's alleged violation of the discharge injunction, *i.e.*, there was no allegation that the creditor's actions otherwise violated the FDCPA such as by harassment, or by failing to provide required information in connection with the attempt to collect a debt. *Id.* The *Walls* court concluded that the Code provides its own remedy for violations of the discharge injunction and allowing a simultaneous claim under the FDCPA based on an alleged violation of 11 U.S.C. § 524 would enable the debtor to "circumvent the remedial scheme of the [Bankruptcy] Code." *Id.* The Second Circuit reached a similar result in *Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010).

The Eleventh Circuit recently declined to address the issue of whether the Bankruptcy Code preempts the FDCPA when creditors misbehave in bankruptcy. *Crawford*, 2014 WL 3361226, at *5 n. 7. Despite the lack of guidance from the Eleventh Circuit on the issue, this Court agrees with the reasoning of the Seventh Circuit in *Randolph* and the Middle District's previous agreement with the same in *Bacelli*. Enforcement of the automatic stay provisions under the Bankruptcy Code is not Plaintiff's sole remedy for collection activity that may also constitute a violation of the FDCPA. Here, Plaintiff has alleged that NCO violated the FDCPA and the FCCPA in a number of ways: (Count I) NCO caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. §1692d(5); (Count II) NCO made an initial communication with Plaintiff without providing Plaintiff with the information required by 15 U.S.C. § 1692g(a) or with written notice containing the information required by 15 U.S.C. § 1692g(a); (Count III) NCO left daily voicemails on Plaintiff's answering machine in an attempt to collect a debt in violation of 15 U.S.C. § 1692c(b); and (Count IV) NCO communicated with Plaintiff with such frequency as can be reasonably expected to harass Plaintiff in violation of section 559.72(7), Florida Statutes.

Plaintiff's allegations in this Court are separate and apart from any claim Plaintiff may have in the bankruptcy court regarding a potential violation of the automatic stay. Here, Plaintiff alleges that NCO's daily voicemails violated the FDCPA and the FCCPA. While NCO may have also violated the automatic stay by contacting Plaintiff, this Court limits its consideration as to whether Plaintiff has brought viable FDCPA and FCCPA claims in this case. The Court concludes that Plaintiff may maintain an action for violation of the FDCPA and the FCCPA against NCO, despite the fact that he is also pursuing a claim for violation of the automatic stay in an adversary proceeding in the bankruptcy court.

Case 8:14-cv-00198-SCB-TGW   Document 41   Filed 10/02/14   Page 8 of 8 PageID 251

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED AND ADJUDGED** that NCO's motion for judgment on the pleadings (Dkt. 32) is **DENIED**. The Court need not consider NCO's alternative request for summary judgment based on the same grounds.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of October, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record